UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07-60220   CASE NO. **CR-HURLEY**   MAGISTRATE JUDGE VITUNAC

15 U.S.C. § 1

UNITED STATES OF AMERICA

v.

VAL M. NORTHCUTT, and
FRANCESCO SCAGLIA,

Defendants.

_____/

### INDICTMENT

The Grand Jury charges that:

#### DESCRIPTION OF THE OFFENSE

1.   VAL M. NORTHCUTT and FRANCESCO SCAGLIA are hereby indicted and made defendants on the charge contained in this Indictment.

2.   Beginning at least as early as 1999 and continuing until as late as May 2007, the exact dates being unknown to the Grand Jury, in Broward and Monroe Counties in the Southern District of Florida, and elsewhere, co-conspirators of the defendants,

VAL M. NORTHCUTT, and
FRANCESCO SCAGLIA,

did enter into and engage in a combination and conspiracy to suppress and eliminate competition by rigging bids, fixing prices, and allocating market shares for sales of marine hose in the United States and elsewhere. The combination and conspiracy was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3. Defendant VAL M. NORTHCUTT joined and participated in the conspiracy from at least as early as 2000 until as late as May 2007. Defendant FRANCESCO SCAGLIA joined and participated in the conspiracy from at least as early as Fall 2000 until as late as May 2007.

4. The charged combination and conspiracy consisted of a continuing agreement, understanding and concert of action among the defendants, VAL M. NORTHCUTT and FRANCESCO SCAGLIA, and co-conspirators, the substantial terms of which were to rig bids, fix prices and allocate market shares for sales of marine hose in the United States and elsewhere.

## MEANS AND METHODS OF THE CONSPIRACY

5. For the purpose of forming and carrying out the charged combination and conspiracy, the defendants, VAL M. NORTHCUTT and FRANCESCO SCAGLIA, and co-conspirators did those things that they combined and conspired to do, including, among other things:

   (a) attended meetings or otherwise engaged in discussions in the United States and elsewhere by telephone, facsimile and electronic mail regarding the sale of marine hose;

   (b) agreed during those meetings and discussions to allocate shares of the marine hose market among the conspirators;

   (c) agreed during those meetings and discussions to a price list for marine hose in order to implement and monitor the conspiracy;

   (d) agreed during those meetings and discussions not to compete for one another's customers either by not submitting prices or bids to certain customers or by submitting intentionally high prices or bids to certain

customers;

(e)   submitted bids in accordance with the agreements reached;

(f)   provided information received from customers in the United States and elsewhere about upcoming marine hose jobs to a co-conspirator who was not an employee of any of the marine hose manufacturers, but served as the coordinator of the conspiracy and acted as a clearinghouse for information to be shared among the conspirators;

(g)   received marine hose prices for customers in the United States and elsewhere from the co-conspirator coordinator of the conspiracy;

(h)   sold marine hose to customers in the United States and elsewhere at collusive and noncompetitive prices pursuant to the agreements reached;

(i)   accepted payment for marine hose sold in the United States and elsewhere at collusive and noncompetitive prices;

(j)   authorized or consented to the participation of subordinate employees in the conspiracy; and

(k)   concealed the conspiracy and conspiratorial contacts through various means, including code names and private e-mail accounts and telephone numbers.  In addition, defendant VAL M. NORTHCUTT made false statements to a federal law enforcement agent when questioned about his role and the role of others employed at his firm in carrying out the conspiracy.

## DEFENDANTS AND CO-CONSPIRATORS

6.      From at least as early as 2000 until at least May 1, 2007, defendant VAL M. NORTHCUTT was an executive with a firm engaged in the manufacture and sale of marine hose, headquartered in Milan, Italy, with operations in Broward County within the Southern District of Florida.  This firm sold marine hose to customers in the United States and elsewhere and defendant Northcutt was employed in the firm's Florida operations and had responsibilities for sales of marine hose.

7.      Defendant FRANCESCO SCAGLIA is an Italian national who has been employed by the same marine hose manufacturer as defendant NORTHCUTT since 2004. Defendant SCAGLIA was located in the firm's offices in Italy, but worked on price quotations for marine hose customers throughout the world.  Prior to 2004, defendant FRANCESCO SCAGLIA was employed by another marine hose manufacturer based in Italy that sold marine hose in the United States and elsewhere.  Defendant FRANCESCO SCAGLIA was a member of the marine hose conspiracy during his employment at both marine hose manufacturers.

8.      Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

## TRADE AND COMMERCE

9.      Marine hose is a flexible rubber hose used to transfer oil between tankers and storage facilities and/or buoys. During the period covered by this Indictment, the conspirator firms shipped marine hose in a continuous and uninterrupted flow of interstate and foreign commerce to companies located in states and countries outside the place of origin of the

shipments. In addition, substantial quantities of related equipment, as well as payments for marine hose, traveled in interstate and foreign commerce. The victims of this conspiracy included companies involved in the off-shore extraction and/or transportation of petroleum products and the United States Department of Defense.

10.     During the period covered by this Indictment, the business activities of the defendants, VAL M. NORTHCUTT and FRANCESCO SCAGLIA, and their co-conspirators in connection with the manufacture and/or sale of marine hose that are the subject of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce. During the conspiracy, the defendants, VAL M. NORTHCUTT and FRANCESCO SCAGLIA, and co-conspirators sold hundreds of millions of dollars worth of marine hose and related products.

## JURISDICTION AND VENUE

11. The combination and conspiracy charged in this Indictment was carried out, in part, within the Southern District of Florida within the five years preceding the return of this Indictment.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

A TRUE BILL

███████████████

FOREPERSON

_____
THOMAS O. BARNETT
Assistant Attorney General

_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General

_____
MARC SIEGEL
Director of Criminal Enforcement
Antitrust Division
U.S. Department of Justice

_____
LISA M. PHELAN
Chief
National Criminal Enforcement Section

_____
J. BRADY DUGAN
CRAIG Y. LEE
PORTIA R. BROWN
JON B. JACOBS
CAROL A. BELL
Trial Attorneys
United States Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H Street, NW, Suite 3700
Washington, DC 20530
Tel.: (202) 307-6694

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                     CASE NO. _____

vs.
                                             **CERTIFICATE OF TRIAL ATTORNEY\***

VAL M. NORTHCUTT, and
FRANCESCO SCAGLIA
                    Defendant
_____/             Superseding Case Information:

**Court Division**: (Select One)              New Defendant(s)    Yes ____  No ____
                                              Number of New Defendants  ____
____ Miami    ____ Key West                   Total number of counts    ____
_X_  FTL      ____ WPB    ____ FTP

        I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)       __YES- Italian__
    List language and/or dialect

4.  This case will take      __14 days__  to try

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

    I    0 to  5 days    ____                  Petty      ____
    II   6 to 10 days    ____                  Minor      ____
    III  11 to 20 days   _X_                   Misdem.    ____
    IV   21 to 60 days   ____                  Felony     _X_
    V    61 days and over ____

6.  Has this case been previously filed in this District Court? (Yes or No)    __NO__
    If yes:
    Judge: _____  Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?   (Yes or No) YES
    If yes:
    Magistrate Case No.                          __07-6177-BSS - Francesco Scaglia__
    Related Miscellaneous numbers:               _____
    Defendant(s) in federal custody as of        _____
    Defendant(s) in state custody as of          _____
    Rule 20 from the _____       District of _____

    Is this a potential death penalty case? (Yes or No) __NO__

7.  Does this case originate from a matter pending in the U.S. Attorney's Office prior to
    April 1, 2003?        ____ Yes    _X_ No

8.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to
    April 1, 1999?        ____ Yes    _X_ No
    If yes, was it pending in the Central Region? ____ Yes    ____ No

9.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to
    October 14, 2003?     ____ Yes    _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to
    May 18, 2003?         ____ Yes    _X_ No

                                              _____
                                              J. BRADY DUGAN
                                              TRIAL ATTORNEY
                                              Florida Special Bar No. A5501110

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: VAL M. NORTHCUTT

**Case No**:_____

Count #:  1

Rigging bids and fixing prices and allocating market shares on contracts for marine hose sold in the United States and elsewhere  in unreasonable restraint of foreign and interstate trade and commerce in violation 15 U.S.C. § 1

\* **Max.Penalty**: Ten (10) years imprisonment;  three (3) years supervised release; $1,000,000 fine

Counts #:

\* **Max.Penalty**:

Counts #:

\***Max. Penalty**:

Count #:

\***Max. Penalty**:

Count #:

\***Max. Penalty**:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: FRANCESCO SCAGLIA

**Case No**:_____

Count #: 1

Rigging bids and fixing prices and allocating market shares on contracts for marine hose sold in the United States and elsewhere in unreasonable restraint of foreign and interstate trade and commerce in violation 15 U.S.C. § 1

* **Max.Penalty**: Ten (10) years imprisonment; three (3) years supervised release; $1,000,000 fine

Counts #:

_____

_____

* **Max.Penalty**:

Counts #:

_____

_____

***Max. Penalty**:

Count #:

_____

_____

***Max. Penalty**:

Count #:

_____

_____

***Max. Penalty**:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.