UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-60220-cr-DTKH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

VAL M. NORTHCUTT and
FRANCESCO SCAGLIA,

      Defendants.
_____/

**DEFENDANT VAL NORTHCUTT'S**
**PROPOSED JURY INSTRUCTIONS**

      For the convenience of the Court, text of standard instructions has been included where appropriate.  Eleventh Circuit Pattern instructions are indicated by the number in the title.  Eleventh Circuit Pattern "special instructions" are indicated by "SI" followed by the number of the special pattern instruction.  In addition, Mr. Northcutt asks that the Court provide to the jury the following Eleventh Circuit Pattern Instructions:  Basic Instructions 1; 2.1; 3; 4-2; 5; 6.2; 6.7; 7; 9.1; 10.3; 11; and 12.  Offense Instructions 13.3.  Special Instructions 1.1; 1.2; 1.3; 4; 5; 12; and 17.  Lastly, Mr. Northcutt reserves his right to supplement these proposed instructions and/or substitute other proposed instructions up to the conclusion of the trial.

1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

Section 1 of the Sherman Act provides, in part, that every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several states or foreign nations is illegal.

Section 1 cannot be violated by one person acting alone.  To meet the Section 1 requirement of a contract, combination or conspiracy, there must be joint action by two or more persons.  In that regard, a corporation and its agent and/or agents are viewed as one and are not legally capable of conspiring with each other for purposes of Section 1 of the Sherman Act. Thus a corporation cannot conspire with its own officers and employees; nor can a corporation's employees conspire among themselves.

*Fisher v. City of Berkeley,* 475 U.S. 260 (1986); *Arnold Pontiac-GMC Inc. v. General Motors Corp,* 786 F.2d 564 (3d Cir. 1986).  *See also Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984).  *See also United States v. Taubman*, 297 F.3d 161 (2d Cir. 2002).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

To establish a violation of Section 1 of the Sherman Act, the Government must prove beyond a reasonable doubt that (1) an illegal conspiracy was knowingly formed and existed at or about the time alleged; (2) that the defendant knowingly and willfully joined and became a member of that conspiracy; and (3) that the conspiracy either substantively affected interstate commerce or occurred within the flow of interstate commerce in goods and services.  If you find from your consideration of all the evidence that each of these elements has been proven beyond a reasonable doubt, then you should find the Defendant guilty.  If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.

ABA Jury Instructions in Sample Criminal Anti-Trust Cases 12 (1984).  *See also United States v. Wise*, 370 U.S. 405 (1962); *United States v. Young Brothers Inc.*, 728 F.2d 682, 687 (5th Cir. 1984).  *See also United States v. Andreas*, 216 F.3d 645 (7th Cir. 2000). *See also United States v. Giordano*, 261 F.3d 1134, 1138 (11th Cir. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### Reasonable Doubt

Every fact which is essential to prove an element of the offense must be proved beyond a reasonable doubt.

*Source*: *Fiore v. White*, 531 U.S. 225 (2001) (the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that defendant is entitled to jury determination that he is guilty of every element of crime with which he is charged, beyond reasonable doubt and defendant has right to have jury verdict based on proof beyond reasonable doubt.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged.)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Presumption of Innocence

The presumption of innocence requires the prosecution to prove beyond a reasonable doubt each element and every essential fact necessary to prove the charged crime.

*Source*: *Fiore v. White*, 531 U.S. 225 (2001) (the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that defendant is entitled to jury determination that he is guilty of every element of crime with which he is charged, beyond reasonable doubt and defendant has right to have jury verdict based on proof beyond reasonable doubt.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged.)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Circumstantial Evidence

Each fact which is essential to complete a set of circumstances necessary to establish a defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

*Source*:  *In re Winship*, 397 U.S. 358 (1970) (The court found that the government must prove beyond a reasonable doubt every element of a charged offense.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged.)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

A conspiracy is an agreement or a kind of partnership in criminal purposes.

To establish a conspiracy in this case, what the evidence must show beyond a reasonable doubt is:

First:     That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:   That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are.  So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Eleventh Circuit Pattern Jury Instructions, Offense Instruction 13.1 (as modified) (2003).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the Defendant knowingly joined the agreement or conspiracy. To convict the Defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined the conspiracy intending to help advance or achieve its goal. This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of the conspiracy from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection is enough. But proof that the Defendant simply knew about the conspiracy, or was present at time, or associated with members of the group, is not enough, even if he approved of what was happening and did not object to it. Similarly, just because the Defendant may have done something that happened to help the conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined a conspiracy. But without more, they are not enough. Evidence of meetings, telephone calls or other contacts between the Defendant and a competitor do not by themselves prove that there was a conspiracy or that the Defendant was a member of a conspiracy. Competitors may have legitimate, lawful reasons to have contacts with each other. Thus, you may not infer the existence of the conspiracy or the Defendant's membership in it solely from the fact that there were contacts between competitors or between the Defendant and a competitor. Silence is not agreement without a specific understanding among the alleged conspirators that silence will constitute agreement or by clear evidence that the party whose silence is being considered has intended his silence be deemed as an agreement or acquiescence by him. Even if one of the conspirators believed at any time that someone else was agreeing by remaining silent, the conspirator's understanding is not binding on anyone else. What the government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

*See United States v. True*, 250 F.3d 410 (6th Cir. 2001). *See also United States v. Continental Group Inc.*, 456 F. Supp. 704, 1978-2 Trade Cases ¶62,320 (E.D. Pa. 1978).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### 9.1. Knowingly — Willfully

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Source*: ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) (2003), Basic Instruction 9.1; *United States v. Diecidue*, 603 F.2d 535, 548 (5th Cir. 1979) (approved the instruction).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### Negligence Distinct from Willfulness

Mere negligence, even gross negligence, is not sufficient to constitute willfulness.

*Source*: *United States v. Callahan*, 588 F.2d 1078 (5th Cir. 1979); *United States v. Ruffin*, 575 F.2d 346 (2d Cir. 1978); *United States v. Pomponio*, 429 U.S. 10 (1976).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

**Specific Intent**

The crime charged in this case requires proof of specific intent before defendant can be convicted.  Specific intent, as the term implies, means more than general intent to commit the act.  To establish specific intent the government must prove that defendant knowingly did an act which the law forbids, or knowingly failed to do an act which the law requires, purposely intending to violate the law.  Such intent may be determined from all the facts and circumstances surrounding the case.

*Source*: *Bryan v. United States*, 524 U.S. 184 (1998), *United States v. Gypsum Co.*, 438 U.S. 422 (1978).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

In considering the charge in the indictment, you must determine whether the evidence shows beyond a reasonable doubt that the Defendant knowingly and intentionally became a member of the charged conspiracy to fix prices and allocate sales volumes.  "Knowingly" means the Defendant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake, or accident.  In order to find that the Defendant acted knowingly, you must find that he voluntarily and intentionally became a member of the conspiracy charged in the indictment knowing of its goal and intending to help accomplish it.  Knowledge may be proved by the defendant's conduct and by all the facts and circumstances surrounding the case. In order to establish the offense charged in the Indictment, it is not necessary for the Government to prove that the Defendant knew that a conspiracy to fix prices and allocate sales volumes is a violation of the law.

*See United States v. Andreas*, 516 F.3d 645 (7th Cir. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

To convict the Defendant, the government must convince you beyond a reasonable doubt that the Defendant was a member of the conspiracy charged in the Indictment.  If the government fails to prove this, then you must find the defendant not guilty of the charged conspiracy, even if you find that he was a member of some other conspiracy.  Proof that the Defendant was a member of some other conspiracy is not enough to convict.  To prove a single conspiracy, the government must convince you that each of the members agreed to participate in what he knew was a group activity directed toward a common goal.

Proof of several conspiracies is not proof of the single overall conspiracy charged in the indictment.  What you must determine is whether the single conspiracy existed among the conspirators as charged in the indictment.  If you find no such conspiracy existed, then you must acquit the defendants of the conspiracy charged in the indictment.  If you find that the defendants were members of a conspiracy other than the specific conspiracy charged in the indictment, you must acquit the defendants of the conspiracy charged in the indictment.

*United States v. Flood*, 965 F.2d 505, 508-09 (7th Cir. 1992); *United States v. Jackson*, 696 F.2d 572, 584 (7th Cir. 1982); *United States v. Lindsey*, 602 F.2d 785, 787-88 (7th Cir. 1979); *see also* jury instructions*; Untied States v. Andreas*, 216 F.3d 645 (7th Cir. 2000) and *United States v. True*, 250 F.3d 410 (6th Cir. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

The exchange of price information among competitors is not <u>per</u> <u>se</u> illegal.  An exchange violates the law only where (1) the defendant knew that anti-competitive effects were the probable result of the exchange; (2) such effects actually occurred; and (3) the defendant exchanged information with the conscious purpose of producing such anti-competitive effects.

It is not in itself unlawful for competitors to engage in price or production coordination. Price or production coordination occurs when competitors recognize that they have shared economic interests and, consequently, follow each other's conduct in setting prices or production levels.  As long as the competitors' decisions to follow each other's conduct are the result of independent business judgment, rather than an agreement between them, such conduct is not illegal.  It is also not unlawful for the defendants to knowingly charge the same price for a product as the price charged by an alleged cartel, as long as their decision to charge the same price as the alleged cartel is not the result of an agreement to do so.

*United States v. United States Gypsum Co.*, 438 U.S. 422, 441, 444 n.21 (1978); *see also United States v. Andreas*, 216 F.3d 645 (7th Cir. 2000).

14

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14**

You may consider a company's possession of a competitor's pricing or production information in deciding whether to infer a conspiracy as described in these instructions. However, a company's mere possession of a competitor's pricing information does not, standing alone, prove beyond a reasonable doubt that the defendant did not act independently and legally, in part because mere possession of such information does not show how the information was obtained, or for what purpose the information was obtained. For example, a competitor might provide pricing information to a customer, and the customer might then provide that information to the defendant. Obtaining a competitor's pricing information from a customer is legal and does not violate the antitrust laws. Similarly, without something more, there is nothing inherently wrong with a person sharing pricing information with competitors. Therefore, the mere possession of a competitor's pricing information, without evidence as to how or why the information was obtained, does not prove beyond a reasonable doubt that the defendant did not act independently and legally.

In deciding whether to infer a conspiracy as described in these instructions, you may consider whether there were meetings or telephone conversations among competitors. However, if the government proves that such meetings and conversations took place, that fact does not, standing alone, prove beyond a reasonable doubt that such meetings or conversations were illegal. In addition, if government proves that certain companies or their individual employees were involved in an illegal conspiracy and that representatives of these companies had meetings or conversations, those facts do not, standing alone, prove beyond a reasonable doubt that the defendant was not acting independently or allow you to find that the defendant participated in the conspiracy alleged by the government.

In deciding whether to infer a conspiracy as described in these instructions, you may consider whether the defendant exchanged information about prices, output and/or inventory with competitors. However, evidence that competitors exchanged information or stated their intentions concerning the prices they quoted or charged or the prices of a product they intended to quote or sell does not by itself prove beyond a reasonable doubt that there was a conspiracy to fix or control prices, even if the exchange of information was done by agreement. In addition, exchanges of price and output information can in some circumstances increase economic efficiency and make markets more, rather than less, competitive. When the government relies on evidence of information exchanges to seek to prove an illegal price-fixing conspiracy, the government must also prove beyond a reasonable doubt that the information exchanges were for the purpose of monitoring and enforcing actual price fixing agreements.

*United States v. Container Corp of America*, 393 U.S. 333, 346 n.4 (1969); *In re: Citric Acid Litigation*, 191 F.3d 1090, 1097, 1103 (9th Cir. 1999); *United States v. Gypsum Corp.*, 438 U.S. 422, 441 n. 16 (1978); *In re: Baby Food Antitrust*, 166 F.3d 112, 125 (3d Cir. 1999).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

[A]s I have told you, the antitrust laws involved in this case are concerned only with joint actions and agreements among or between competitors not with actions taken independently by a single competitor.  The independent actions of a person or business can never constitute a restraint of trade in violation of the Sherman Act.  Thus, a business may choose to charge prices identical to those charged by its competitors and still would not violate the Sherman Act. Indeed, a business may adopt policies and prices identical to those of its competitors as long as such actions are the result of an independent business decision and not the result of an agreement or understanding among competitors.

*See United States v. Taubman*, 297 F.3d 161 (2d Cir. 2002)

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

An essential element of the offense charged in the indictment is that the alleged conspiracy involves interstate commerce or foreign commerce. "Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States.

To satisfy the interstate commerce element, the government must show beyond a reasonable doubt that the conspirators' unlawful agreement involved the movement of products or services in the flow of interstate commerce, which means across state lines.

Court's instructions, *United States v. Robert Smigel*, Criminal No. H-00-362 (USDC Houston).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17**

In order to establish a violation of Section 1 of the Sherman Act where there is evidence of anticompetitive activities outside the United States, the evidence must establish beyond a reasonable doubt a direct causal connection between any foreign injury and an effect domestically within the United States.

*F. Hoffman – La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155 (2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18**

It is not lawful to engage in unilateral conduct, even with the hope of influencing pricing or conduct of competitors, unless that conduct reflects or furthers an actual agreement or mutual understanding among competitors to raise, fix or maintain prices.

Mere similarity of prices charged does not, without more, establish the existence of a conspiracy or a defendant's membership in it.  Nor is it illegal to obtain information about competitors' prices or to exchange pricing information, without more.  This is because such practices may be consistent with ordinary and proper competitive behavior in a free and open market.  A person or company may lawfully charge prices identical to those charged by competitors and may even copy the price lists of a competitor, or follow and conform exactly to the price policies and charges of a competitor, as long as the person or company does not do so pursuant to a price fixing agreement or mutual understanding with a competitor.

Conduct that is as consistent with permissible competition or independent action as with illegal collusion, standing alone, is not sufficient to prove that the defendant joined in the conspiracy.

Court's instructions, *United States v. Robert Smigel*, Criminal No. H-00-362 (USDC Houston).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19**

You have heard evidence that certain government witnesses plead guilty to the conspiracy with which the defendant is charged. You may consider this evidence along with other pertinent evidence in deciding whether to believe the witness' testimony or not, and how much weight to give to his testimony.

The fact that others have plead guilty to a conspiracy to fix prices may not be considered by you as evidence that the defendant is guilty of price fixing.

Manual of Model Criminal Jury Instructions for the Ninth Circuit, No. 4.8 (2000 Edition)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### SI 17. Good Faith Defense

Good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with willfulness, which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent as charged in the indictment.

*Source*:   ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) (2003), Special Instruction 17 (modified); *United States v. Brown*, 79 F. 3d 1550, 1557 (11th Cir. 1996).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21**

**Defendant Val Northcutt's Theory of the Case.**

[TO BE INSERTED]

*Source:   United States v. Ryan*, 289 F.3d 1339 (11th Cir. 2002) (The court stated that it is elementary law that the defendant in a criminal case is entitled to have presented instructions relating to a theory of defense).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

### Summaries and Summary Witnesses

There has been testimony from summary witnesses at this trial and the Court permitted this testimony in order to make the other evidence more meaningful and to aid you in considering the evidence.  Such testimony is no better than the books, records and other documents upon which the summary witness based his/her summary and is not independent evidence.  Therefore, you are to give no greater consideration to a summary witness than you would give to the evidence upon which that testimony is based.

It is for you to decide whether the charts or summary testimony offered by a summary witness correctly presented the information contained in the documents on which they were based, and what, if any, weight to give such evidence.

*United States v. Johnson*, 319 U.S. 503 (1943); *United States v. Spaulding*, 293 U.S. 498, 506 (1935).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

**SI 12 Character Evidence**

Val Northcutt has offered evidence of the his traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law abiding citizen, the jury should consider that testimony, along with all the other evidence in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) (2003), Special Instruction 12; *United States v. Broadwell*, 870 F.2d 594, 609 (11th Cir. 1989).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24**

      The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Jury Instructions, *United States v. Smigel*, Cr. No. H-00-362 at 12 (D.S. Tex. Filed October 15, 2001), available at http://www.abanet.org/antitrust/committees/criminal/instructions/html.

Respectfully submitted,

s/ Michael S. Pasano
Florida Bar No. 0475947
E-mail: mpasano@carltonfields.com
Paul A. Calli, Esq.
Florida Bar No. 0994121
E-mail: pcalli@carltonfields.com
Marissel Descalzo, Esq.
Florida Bar No. 669318
E-mail: mdescalzo@carltonfields.com
CARLTON FIELDS
100 S.E. 2nd Street
4000 International Place
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Toll Free: 800-486-0140
Facsimile: (305) 530-0055
Attorneys for Defendant Val Northcutt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 13th day of October, 2008.

J. Brady Dugan, Esq.
National Criminal Enforcement Section
U.S. Department of Justice
Antitrust Division
City Center Building
1401 H Street, NW
Suite 3700
Washington, DC  20005
E-mail: brady.dugan@usdoj.gov

David O. Marcus, Esq.
1200 Alfred I. DuPont Building
169 East Flagler Street
Miami, Florida  33131
E-mail: dmarcus@markuslaw.com

David Gerger,  Esq.
Gerger & Clarke
1001 Fannin, First City Tower
Suite 1950
Houston, Texas  77002
E-mail: david@gergerlaw.com

s/ Michael S. Pasano